**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:  (415) 651-9700
*Attorneys for Plaintiff*,
Amy Kaufman

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY KAUFMAN, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A.; THE GOLDMAN SACHS GROUP, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION LLC <br><br> Defendants. | **Case No.:** 8:26-cv-01117-DOC-DFM <br><br> **JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

///

///

**JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiff **AMY KAUFMAN,** and Defendants Experian Information Solutions, Inc., and Equifax Information Services, LLC ("Defendants"), who are the only two of the named Defendants who have answered the Complaint as of the date of filing this stipulation, hereby submit the following Joint Stipulation and Request that the Court grant Plaintiff leave to file a First Amended Complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

The amendment to the Complaint will be to clarify facts as to Defendant JPMorgan Chase Bank, N.A. and the reporting of the JPMorgan Chase Bank, N.A. account that is at issue in this case.

There are no other changes in the First Amended Complaint – no parties are being added or removed, and no causes of action are being added or removed.

1. Plaintiff filed her original complaint in this case on May 8, 2026; (Dkt. 1)

2. Defendant Experian Information Solutions, Inc. filed its answer in this case on June 23, 2026 (Dkt. 27);

3. Defendant Equifax Information Services, LLC, filed its answer in this case on July 14, 2026 (Dkt. 31);

4. The Plaintiff and Defendant Equifax Information Services, LLC have answered have met and conferred and stipulated to the amendment to the Complaint;

5. Defendant Experian Information Solutions, Inc. is unopposed to Plaintiff's request for leave to file her First Amended Complaint;

6. Plaintiff is permitted to amend the Complaint as a matter of right as to the remainder of the Defendants who have not yet answered the Complaint;

7. The response of defendant Goldman Sachs Bank USA ("GS Bank"), erroneously sued as The Goldman Sachs Group, Inc., is currently due on July 28, 2026.  Plaintiff and GS Bank agree that GS Bank need not respond to the Complaint pending the Court's approval of this stipulation.  Once filed, GS Bank shall respond to the Amended Complaint pursuant to the Federal Rules of Civil Procedure

**JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT  PAGE 1 OF 2**

8. The Court has not yet entered a scheduling order in this case, and thus there is presently no deadline for amendment;

**NOW THEREFORE**, the parties hereby stipulate and request that the Court grant Plaintiff leave to file her First Amended Complaint in this action, a true and correct copy of which is attached hereto as Exhibit A.

**IT IS SO STIPULATED.**

**THE CARDOZA LAW CORPORATION**

DATED: July 22, 2026     BY: /s/ LAUREN B. VEGGIAN
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
AMY KAUFMAN

**GOODWIN PROCTER LLP**

DATED: July 22, 2026     BY: /s/ AMETHYST PHILLIPS
AMETHYST PHILLIPS, ESQ.
ATTORNEY FOR DEFENDANT,
EXPERIAN INFORMATION SOLUTIONS, INC.

**SEYFARTH SHAW LLP**

DATED: July 22, 2026     BY: /s/ JENNIFER BROOKS
JENNIFER BROOKS, ESQ.
ATTORNEY FOR DEFENDANT,
EQUIFAX INFORMATION SERVICES, LLC

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT  PAGE 2 OF 2**

**ATTESTATION AND CERTIFICATE OF SERVICE**

I, Lauren B. Veggian, am the ECF user whose identification and password are being used to file this document and I hereby attest that all counsel whose electronic signatures appear within it provided their authority and concurrence.

I also hereby certify that on July 22, 2026, I electronically filed a true and correct copy of the foregoing JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT with the Clerk of the Court for the United States District Court of California for the Southern District of California using the CM/ECF system. I also certify that all participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

**THE CARDOZA LAW CORPORATION**

DATED:  July 22, 2026          BY: /S/ LAUREN B. VEGGIAN

LAUREN B. VEGGIAN, ESQ.
MICHAEL F. CARDOZA, ESQ.
ATTORNEYS FOR PLAINTIFF
AMY KAUFMAN

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**JOINT STIPULATION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT  PAGE 3 OF 2**

# EXHIBIT A

**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St., #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:  (415) 651-9700
*Attorneys for Plaintiff*,
Amy Kaufman

# UNITED STATES DISTRICT COURT
## FOR THE
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY KAUFMAN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., THE GOLDMAN SACHS GROUP, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC ,<br><br>Defendants. | **Case No.: 8:26-cv-01117**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND**<br><br>**2.) CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE §§ 1785.1, ET SEQ**<br><br>**DEMAND FOR JURY TRIAL** |

///
///
///
///
///
///

**THE CARDOZA LAW CORPORATION**
**548 MARKET ST. #80594**
**SAN FRANCISCO, CA 94104**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. This is a case about the systematic destruction of a pristine, 800-plus credit profile by multi-billion-dollar financial institutions that refuse to acknowledge objective, physical reality.

2. Prior to the events described herein, Plaintiff Amy Kaufman was a model of fiscal responsibility who meticulously ensured that her personal consumer credit card accounts carried $0.00 balances before filing a Chapter 7 bankruptcy specifically for business-related debt only. Despite Plaintiff being advised by her bankruptcy counsel that these personal accounts were unaffected by the business discharge, Defendants JPMorgan Chase and Goldman Sachs began reporting these $0.00 balance accounts as "Included in Bankruptcy," effectively dismantled a lifetime of diligent credit building over debt that did not exist.

3. The reporting by Defendant Goldman Sachs reached the level of factual impossibility when it began reporting a "Charge Off" status—a designation reserved for delinquent, unpaid debt—on a personal account where Plaintiff owed absolutely nothing. To resolve this bureaucratic fiction, Plaintiff provided Goldman Sachs with forensic-level proof, including her actual bankruptcy schedules which objectively demonstrated that Goldman Sachs was not a creditor and was never part of the bankruptcy estate. Rather than performing the reasonable investigation required by law, Goldman Sachs ignored this evidence and continued to publish the derogatory reporting, while Credit Reporting Agencies Equifax, Experian, and Trans Union failed to block the misinformation and erroneously reported Plaintiff's closed accounts as being "reopened" without her knowledge or consent.

4. As a result of this collective "not our problem", Plaintiff has been forced to act as a full-time investigator for her own life, cycling through the dispute process and the Consumer Financial Protection Bureau multiple times only to

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    **PAGE 1 OF 66**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

be met with automated indifference. Plaintiff is now "tired of fighting" a system that chooses to rely on erroneous internal coding over the clear, written proof in its possession. This suit is brought to hold these entities accountable for the mental exhaustion, loss of financial autonomy, and the concrete damage to the reputation Plaintiff spent decades building.

5. Plaintiff notified both the companies furnishing the inaccurate information as well as the Credit Reporting Agencies listing the inaccurate information that the accounts at issue were not included in bankruptcy, however, the furnishers have refused to correct the inaccurate information, and the Credit Reporting Agencies have not blocked the inaccurate information.

6. **AMY KAUFMAN** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, injunctive relief, restitution, attorney fees, and costs, against **JPMORGAN CHASE BANK, N.A., THE GOLDMAN SACHS GROUP, INC., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANS UNION, LLC** for violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq., (hereinafter "FCRA"), and for violations of  California Civil Code §§ 1785 et seq. (hereinafter "CCRAA").

7. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

9. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

10. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members,

directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

11. The FCRA was originally enacted in 1970.  The express purpose of the FCRA was to require that consumer reporting agencies adopt and implement "reasonable procedures" for ensuring that credit information about a consumer was collected, maintained, and dispensed "in a manner which is fair and equitable to the consumer with regard to the confidentiality, accuracy, relevancy and proper utilization of such information …" 15 U.S.C. § 1681(b); *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 127 S.Ct. 2201, 2205 (2007). The Congressional findings noted that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with of fairness, impartiality, and respect for the consumer's right to privacy." The FCRA also imposes duties on the sources that provide credit information to consumer reporting agencies, who are called "furnishers."

12. The CCRAA, the California version of the FCRA, was originally enacted in 1975. In language virtually identical to that found in the original FCRA legislation, the California Legislature stated the CCRAA's purpose was "to require that consumer credit reporting agencies adopt reasonable procedures" for handling credit information so as to ensure it was handled in a manner which was "fair and equitable to the consumer with regard to confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this title."[1] In 1993, the California Legislature amended the CCRAA and added a section that imposes duties on furnishers similar to those found in the FCRA. For example, Civil Code § 1785.25(a) provides that the furnisher "shall not" furnish credit information to "any credit reporting agency

<div style="margin-left:2em; font-style:italic; font-weight:bold;">THE CARDOZA LAW CORPORATION<br>548 MARKET ST. #80594<br>SAN FRANCISCO, CA 94104</div>

---

[1] Cal Civ. Code § 1785.1(d).

if the person [furnisher] knows or should know the information is incomplete or inaccurate."

13. Under the FCRA, the term "consumer report means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer."

## JURISDICTION AND VENUE

14. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, 15 U.S.C. § 1681p, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

15. This action arises out of Defendants' violations of the Fair Credit Reporting Act 15 U.S.C. §§ 1681 et seq.,.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

17. Plaintiff is a natural person who resides in Orange County, California. Plaintiff is "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and by Cal. Civ. Code § 1785.3(b).

18. Defendant JPMorgan Chase Bank, N.A. (hereinafter "Chase") is an Ohio corporation operating from an address of 1111 Polaris Parkway, Columbus, OH 43240, and is a "person" as defined by 15 U.S.C. § 1681a(b).

19. Defendant The Goldman Sachs Group, Inc. (hereinafter "Goldman Sachs") is a New York corporation operating from an address of 200 West Street, New York, NY 10282, and is a "person" as defined by 15 U.S.C. § 1681a(b).

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

20. Defendant Equifax Information Services, LLC (hereinafter "Equifax") is a Georgia corporation operating from an address of 1550 Peachtree Street NW, Atlanta, GA 30309, and is a "person" as defined by 15 U.S.C. § 1681a(b).

21. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation operating from an address of 475 Anton Blvd., Costa Mesa, CA 92626, and is a "person" as defined by 15 U.S.C. § 1681a(b).

22. Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware corporation operating from an address of 555 West Adams Street, Chicago, IL 60661, and is a "person" as defined by 15 U.S.C. § 1681a(b).

23. This case involves Plaintiff's "consumer report" as that term is defined by 15 U.S.C. § 1681a(d)(1) and "consumer credit report(s)" as that term is defined by Cal. Civ. Code § 1785.3(c).

24. Defendants Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) (collectively referred to as "Consumer Reporting Agencies" or "CRAs").

25. Defendant Chase and Goldman Sachs are each a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences, and is a "person" who "furnished information on a specific transaction or experience to any consumer credit reporting agency" under Cal. Civ. Code §§ 1785.3(j) and 1785.25.

26. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned the named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of its authority as such agent, officer, director, managing agent, employee, and/or

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

27. Plaintiff is an individual residing in Orange County, California.

28. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in California.

29. On or around October 13, 2023, Plaintiff, in her business capacity only, filed for Chapter 7 Bankruptcy with a discharge date on July 1, 2024.

30. In or around October 2023, Defendant Goldman Sachs closed Plaintiff's personal Apple Card account.

31. In or around November 2023, Defendant JPMorgan Chase Bank closed Plaintiff's personal account.

32. Plaintiff's bankruptcy only included business-related accounts and did not include any personal accounts.

33. Plaintiff had a zero balance on all of her personal credit card accounts and had no outstanding balances or collections for said accounts.

34. Initially, the CRAs reported Plaintiff's account statuses correctly. In or around November 2023, Goldman Sachs as well as the JPMorgan Chase Bank account, began to report Plaintiff's respective accounts with each institution as erroneously having been included in Plaintiff's bankruptcy, among other inaccurate derogatory information

### **Goldman Sachs**

35. This issue began in 2023, when Plaintiff first observed sudden and unexpected derogatory reporting of her Goldman Sachs Apple Card account on her credit reports.

36. On or around November 9, 2023, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account beginning with 110001xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in bankruptcy and was paid in full before it was closed in October 2023.

37. On or around December 12, 2023, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account beginning with 110001xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in bankruptcy and was paid in full before it was closed in October 2023.

38. In or around August 2024, Plaintiff observed that her Goldman Sachs Apple Card account was reported to the Credit Reporting Agencies as having been included in Chapter 7 Bankruptcy.

39. On October 9, 2024, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, was being reported as closed as of October 4, 2024, and October 9, 2024, with a credit card status of "included in Bankruptcy" being reported.

40. On or October 10. 2024, 2024, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account ending in 5427 began reporting "eight missed payments since February 12, 2024" and an account status of "Unknown" as of October 7, 2024.

    a. Plaintiff's account was closed and paid in full as of October 2023 and therefore could not have missed any payments after October 2023.

41. On or around November 5, 2024, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account ending in 5427 was reporting an account status of "Account Included in Bankruptcy." with a date of first delinquency listed for January 29, 2024, and a date of Major Delinquency first Reported on September 30, 2024.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

42. On November 22, 2024, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a status of "Account Included in Bankruptcy" with remarks listing "Chapter 7 Bankruptcy."

43. On or around December 18, 2024, Plaintiff called Defendant Goldman Sachs to dispute the erroneous information appearing on her credit reports. Plaintiff spoke with a supervisor named "Bernard," who informed Plaintiff that he would be escalating the matter; providing Case #A001003015688.

44. On December 27, 2024, Defendant Goldman Sachs' representative "Trey" called Plaintiff back and spoke with Plaintiff for one and a half hours.

   a. During this call, Plaintiff requested that Trey read aloud the information contained in Plaintiff's disputes pertaining to her bankruptcy and the erroneous inclusion of Goldman Sachs into the bankruptcy.

   b. Plaintiff also requested that Trey confirm Plaintiff's payment history preceding the account's closure in October 2023, where Trey stated that the account was in perfect standing prior to its closure, with a $0 balance at the time of the account's closure.

   c. Plaintiff requested that the derogatory information pertaining to the account's reopening, outstanding balance, and eventual charge off be removed from Goldman Sachs reporting to the Credit Reporting Agencies.

   d. Trey confirmed that the information was erroneously reported, during this call.

45. On January 9, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Open" as well as a "Charge Off" notation for the month of July 2024, with no data in the preceding months, save for all

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

FIRST AMENDED COMPLAINT FOR DAMAGES

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

"current/terms met" notation for all months from the account's opening in March 2021 until its closure as of October 2023.

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

    b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in Aug 2024."

46. On January 9, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a current payment status of "Included in Bankruptcy" and worst payment status of "Included in Bankruptcy" with remarks listing "Bankruptcy chapter 7" and "Bankruptcy discharged."

47. On January 10, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, erroneously listing the date of closure as "11/30/2023" and reporting a status of "Account Included in Bankruptcy" with remarks listing "Chapter 7 Bankruptcy."

48. On February 16, 2025, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau's website against Defendant Goldman Sachs for still reporting the derogatory information, where she outlined her earlier mentioned communications with Defendant's representatives "Bernard" and "Trey."

    a. Per the CFPB's complaint portal, Defendant Goldman Sachs received this complaint on February 21, 2025, with the company "still working" on the dispute as of February 25, 2025.

49. On March 14, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

50. On March 19, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, with remarks listing "Account information disputed by consumer, Chapter 7 Bankruptcy," and "Chapter 7 bankruptcy."

51. On March 24, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

    b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in March 2025."

52. On March 27, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**FIRST AMENDED COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

53. On March 27, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting an account status of "Included in Bankruptcy," a date of first delinquency of "Jan 29, 2024" with comments of "Bankruptcy chapter 7" and "Bankruptcy discharged."

54. On March 27, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, with remarks listing "Account information disputed by consumer, Chapter 7 Bankruptcy," and "Chapter 7 bankruptcy."

55. On April 8, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

56. On April 8, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a payment status of "Included in Bankruptcy," a worst payment status of "Included in Bankruptcy" and remarks of "Bankruptcy chapter 7," and "Bankruptcy discharged."

57. On April 8, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October

2023, had a Current Payment status of "Current" and an Account Status of "Derogatory" with remarks listing "Account information disputed by consumer, Chapter 7 Bankruptcy," and "Chapter 7 bankruptcy."

58. On June 25, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Account included in Bankruptcy," a date of first delinquency as 1/29/2024, a date of major delinquency first reported 3/07/2025, Narrative Code Descriptors of "Bankruptcy Chapter 7," "Bankruptcy Discharged" and "Bankruptcy Petition." Additionally, Plaintiff observed that her JPMorgan Chase Bank account, closed October 2023, was now reporting with Narrative Code Descriptors of "Bankruptcy Chapter 7," "Bankruptcy Discharged" and "Bankruptcy Petition."

59. On July 9, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

   a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

   b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in March 2025."

60. On July 9, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Account included in Bankruptcy," a date of first delinquency as 1/29/2024, a date of major delinquency first reported 3/07/2025, Narrative Code Descriptors of "Bankruptcy Chapter 7,"

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

"Bankruptcy Discharged" and "Bankruptcy Petition." Additionally, Plaintiff observed that her JPMorgan Chase Bank account, closed October 2023, was once again reporting with Narrative Code Descriptors of "Bankruptcy Chapter 7," "Bankruptcy Discharged" and "Bankruptcy Petition."

61. On July 9, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, Pay Status of "Account Included in Bankruptcy" a date of account closure as "11/30/2023" and remarks of "Chapter 7 Bankruptcy: Account previously in dispute-now resolved."

62. On July 16, 2025, Plaintiff sent Defendant Goldman Sachs a dispute dated July 16, 2025, via certified mail (in accordance with 15 U.S.C. § 1681s-2(a)(1)(B)(2)), which was received by Defendant Goldman Sachs on August 2, 2025.

    a. Attached to this dispute were annotated copies of Plaintiff's Equifax, Experian, Trans Union consumer disclosures with the disputed items circled.

    b. Notwithstanding the Plaintiffs' written disputes, Goldman Sachs did not respond at all.

63. On August 2, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, with an Account Status of "Derogatory" a date of account closure as "11/30/2023" and remarks of "Chapter 7 Bankruptcy," Chapter 7 Bankruptcy," and "Dispute resolved reported by grantor.

64. On August 5, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late" as well as a Charge Off listed for the month of September 2023.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in July 2025."

65. On August 5, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a payment status of "Included in Bankruptcy," a worst payment status of "Included in Bankruptcy" and a date of account closure on November 1, 2023.

66. On August 8, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

67. On August 30, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

68. On September 19, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late" as well as a Charge Off listed for the month of September 2023.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in July 2025."

69. On September 20, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

70. On October 22, 2025, Plaintiff's Goldman Sachs Apple Card is listed on Plaintiff's Equifax credit report with an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 1/29/2024, a date of major delinquency first reported on 3/7/2025, an inaccurate date of account closure on 11/1/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition.

71. On October 22, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grantor."

72. As of November 10, 2025, Plaintiff's Goldman Sachs Apple Card is listed on Plaintiff's Equifax credit report with an inaccurate status of Account Included

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

in Bankruptcy, a date of first delinquency on 1/29/2024, a date of major delinquency first reported on 3/7/2025, an inaccurate date of account closure on 11/1/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition.

73. As of November 10, 2025, Plaintiff's Trans Union credit report still contains inaccurate recitations, including:

    a. Plaintiff's Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grantor."

### Chase

74. On or around November 9, 2023, Plaintiff observed on her Experian credit report that a JPMorgan Chase Bank account beginning with 414720xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge.

    b.

75. On or around December 12, 2023, Plaintiff observed on her Experian credit report that a JPMorgan Chase Bank account beginning with 414720xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge.

    b. .

    c.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

76. On January 9, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

   a. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge.

77. On March 24, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 (inaccurate, the balance was $0) at the time of the account's closure in October 2023, along with an added comment stating that the account had been closed at credit grantor's request.

78. On or around June 25, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account was reporting inaccurate information by listing the following  narrative codes in the 24 Month History under several months:  220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition.

79. On July 9, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

80. On or around July 9, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account was reporting inaccurate information by listing the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition. On August 5, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

81. On August 5, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account, which had been closed as of October 2023, reporting a Payment Status of "Included in Bankruptcy," a Worst Payment Status of "Included in Bankruptcy" with remarks of "Bankruptcy chapter 7" and "Bankruptcy discharged."

82. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge. On August 8, 2025, Plaintiff observed on her Trans Union report that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

83. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge. On August 21, 2025, Plaintiff sent Defendant JPMorgan Chase a dispute dated August 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681s-2(a)(1)(B)(2)), which was received by Defendant JPMorgan Chase on August 30, 2025.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. Attached to this dispute were annotated copies of Plaintiff's Equifax, Experian, Trans Union consumer disclosures with the disputed items circled.

b. Notwithstanding the Plaintiffs' written disputes, JPMorgan Chase Bank did not respond at all.

84. On September 19, 2025, On March 24, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

85. On August 30, 2025, Plaintiff observed on her Trans Union report that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

86. This account was not included in Plaintiff's bankruptcy – it had a $0 balance and had been reported as paid in full before Plaintiff filed for bankruptcy, and thus there was no debt to discharge. On September 20, 2025, Plaintiff observed on her Trans Union report that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

87. On October 22, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate narrative codes of 220, 065, 280 – representing "Bankruptcy Chapter 7," "Account Closed by Credit Grantor," and "Bankruptcy discharged," respectively..

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. This Equifax report also listed the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition.

88. On October 22, 2025, Plaintiff observed on her Trans Union credit report that a JPMorgan Chase Bank account lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy.

89. As of November 10, 2025, Plaintiff's Equifax credit report contains inaccurate recitations, including but not limited to:

90. As of November 10, 2025, Plaintiff's Trans Union credit report contains inaccurate recitations, including but not limited to:

a. The JPMorgan Chase Bank account, which lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy, Closed by Credit Grantor.

91. As of November 10, 2025, Plaintiff's Equifax credit report contains inaccurate recitations, including but not limited to:

a. The JPMorgan Chase Bank account, which lists the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition, and also includes current reporting of narrative codes 220, which is for Bankruptcy Chapter 7, and 280, which is for Bankruptcy Discharged, and includes a status of "account included in bankruptcy."

**Experian**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

92. This issue began in 2023, when Plaintiff first observed sudden and unexpected derogatory reporting of her Goldman Sachs account and a JPMorgan Chase Bank account , on her Experian credit report.

93. On or around November 9, 2023, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account should have been listed as closed and paid full, with a balance of 0.

94. On or around November 9, 2023, Plaintiff observed on her Experian credit report that a JPMorgan Chase Bank account beginning with 414720xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

95. On or around December 12, 2023, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account should have been listed as closed and paid full, with a balance of 0 as it was closed in October 2023.

96. On or around December 12, 2023, Plaintiff observed on her Experian credit report that a JPMorgan Chase Bank account beginning with 414720xxxx was reporting a status of "Petition for Chapter 7 Bankruptcy/Never late."

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

97. On January 9, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Open" as well as a "Charge Off" notation for the month of July 2024, with no data in the preceding months, save for all "current/terms met" notation for all months from the account's opening in March 2021 until its closure as of October 2023.

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

    b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in Aug 2024."

98. On January 9, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

99. On February 16, 2025, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau's website against Defendant Experian for still

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

reporting the derogatory information, where she outlined her earlier mentioned communications with Defendant's representatives "Bernard" and "Trey."

a. Upon checking the CFPB's portal on or around March 2, 2025, Plaintiff found that the complaint regarding Experian still showed a status of "Still working" on the dispute.

100. On March 14, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

101. On March 14, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account listed the inaccurate recitation under comment stating that the account had been closed at credit grantor's request.

a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

102. On March 24, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in March 2025."

103. On March 24, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

104. On March 27, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

105. On March 27, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the

inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account listed the inaccurate recitation under comment stating that the account had been closed at credit grantor's request.

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

106. On April 8, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

107. On April 8, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account listed the inaccurate recitation under comment stating that the account had been closed at credit grantor's request.

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

108. On or around July 7, 2025, Plaintiff submitted another dispute to Defendant Experian through its online portal regarding the erroneous reporting of information from Plaintiff's closed Goldman Sachs Apple Card account.

    a. On that same day, Experian sent Plaintiff an email stating its responsibilities under the Fair Credit Reporting Act, but with no substantive address of Plaintiff's dispute.

109. On July 9, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late."

    a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

    b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in March 2025."

110. On July 9, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

111. On July 21, 2025, Defendant Experian responded to Plaintiff's July 7, 2025 dispute, making no corrections to the inaccurate reporting listing Plaintiff's Goldman Sachs Apple Card account as having been discharged in Chapter 7 Bankruptcy.

112. On July 21, 2025, Plaintiff sent Defendant Experian a dispute dated July 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)).

   a. At the time of this dispute to Experian, the credit report erroneously listed the Goldman Sachs account as having been closed in August 2023. Additionally, the credit erroneously listed the account status as having been Discharged through Chapter 7 Bankruptcy.

   b. At the time of this dispute to Experian, the credit report erroneously listed a JPMorgan Chase Bank account listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

   c. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

   d. Notwithstanding the Plaintiffs' written disputes, Experian responded on July 30, 2025, stating that it did not believe the July 30, 2025, dispute came from or was authorized by Plaintiff Experian falsely stated "[a]s a precautionary measure, we have not taken any action on your alleged request"[2].

   e. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed

---

[2] See, Stecklein & Rapp Chartered v. Experian Info. Sols., No. 23-1879 (8th Cir. Aug. 28, 2024) "The word 'directly' describes who the letter must go to, not where the letter must come from."

and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Upon information and belief, JPMorgan Chase Bank was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

g. Plaintiff's dispute to Experian contested the factual accuracy of the information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy, as well as the inaccurate account closure listed as August 2023.

h. Plaintiff's dispute to Experian contested the factual accuracy of the information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of the JPMorgan Chase Bank account being listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request.

113. On August 5, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late" as well as a Charge Off listed for the month of September 2023.

a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in July 2025."

114. On August 5, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

   a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

   b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

115. On August 21, 2025, Plaintiff sent Defendant Experian a dispute dated August 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Equifax on August 26, 2025.

   a. At the time of this dispute to Experian, the credit report erroneously listed the Goldman Sachs account as having been closed in August 2023. Additionally, the credit erroneously listed the account status as having been Discharged through Chapter 7 Bankruptcy.

   b. At the time of this dispute to Experian, the credit report erroneously listed the Chase account as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

   c. Attached to this dispute was a copy of Plaintiff's driver's license, and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

d. Notwithstanding the Plaintiffs' written disputes, Experian responded on September 1, 2025, stating that it did not believe the September 1, 2025, dispute came from or was authorized by Plaintiff Experian falsely stated "[a]s a precautionary measure, we have not taken any action on your alleged request"[3].

e. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Upon information and belief, Chase was provided notice of Plaintiffs' disputes to Experian and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

g. Plaintiff's dispute to Experian contested the factual accuracy of the information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy, as well as the inaccurate account closure listed as August 2023.

h. Plaintiff's dispute to Experian contested the factual accuracy of the information reported by Experian on Plaintiff's Experian credit report. Specifically, it contested the factual accuracy of the JPMorgan Chase Bank account being listed as having a past due balance of $2.00 at the

---

[3] See, Stecklein & Rapp Chartered v. Experian Info. Sols., No. 23-1879 (8th Cir. Aug. 28, 2024) "The word 'directly' describes who the letter must go to, not where the letter must come from."

time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.stating that the account had been closed at credit grantor's request.

116. On September 19, 2025, Plaintiff observed on her Experian credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, now reporting with a status of "Discharged through Bankruptcy Chapter 7/Never late" as well as a Charge Off listed for the month of September 2023.

   a. The reporting also contained inaccurate recitations under the comments section stating that the account had been closed at credit grantor's request and that account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act)

   b. Furthermore, this information was reported with a note under the Reinvestigation Info section stating that "this item was updated from our processing of your dispute in July 2025."

117. On September 19, 2025, On March 24, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

   a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

   b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

118. Experian re-instilled hope in Plaintiff every single time it responded to one of

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

her disputes, updating information each time so it was closer and closer to being accurate – only to have Plaintiff be disappointed and upset over and over again each time Experian failed to properly and fully update and fix the inaccurate reporting of Plaintiff's Goldman Sachs Apple Card account and the JPMorgan Chase Bank account.

119. As of September 19, 2025, Plaintiff's Goldman Sachs Apple Card lists an inaccurate status of Discharged through Bankruptcy Chapter 7, a "CO" mark designating charge off in September 2023, Comments stating "Account previously in dispute – investigation complete, reported by data furnisher – Account closed at credit grantor's request."

120. On September 19, 2025, On March 24, 2025, Plaintiff observed on her Experian credit report that a JP Morgan Chase Bank account beginning with 414720xxxx removed the inaccurate recitations regarding the account being included in Chapter 7 Bankruptcy, however, the account was now listed as having a past due balance of $2.00 at the time of the account's closure in October 2023, along with a comment stating that the account had been closed at credit grantor's request in November 2023.

    a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

    b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

121. On October 22, 2025, Plaintiff observed on her Trans Union credit report that a JPMorgan Chase Bank account lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy, Closed by Credit Grantor.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. This account was not included in Plaintiff's bankruptcy because it was paid off to a $0 balance before Plaintiff filed for Bankruptcy, and thus there was no debt to discharge.

b. This account should not have ever been reported as discharged in Plaintiff's bankruptcy.

122. As of November 10, 2023, Plaintiff's Trans Union credit report still contains inaccurate recitations, including:

a. The JPMorgan Chase Bank account, lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy, Closed by Credit Grantor.

### Equifax

123. This issue began in 2024, when Plaintiff first observed sudden and unexpected derogatory reporting of her Goldman Sachs Apple Card account on her Equifax credit report.

124. On September 30, 2024, Plaintiff submitted a dispute to Equifax pertaining to the inaccurate reporting of her Goldman Sachs Apple Card account through Equifax's online portal.

a. Notwithstanding the Plaintiffs' written disputes, Equifax did not respond to Plaintiff's September 30, 2024 dispute.

125. On October 9, 2024, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, was being reported as closed as of October 4, 2024, and October 9, 2024, with a credit card status of "included in Bankruptcy" being reported.

126. On or around November 5, 2024, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account ending in 5427 was reporting an account status of "Account Included in Bankruptcy." with a date of first

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

delinquency listed for January 29, 2024, and a date of Major Delinquency first Reported on September 30, 2024.

   a. Plaintiff's account was closed and paid in full as of October 2023 and therefore could not have had a date of first delinquency on January 29, 2024.

   b. On November 5, 2024, Plaintiff submitted another online dispute to Equifax.

     i. Defendant Equifax responded on the following day and did not correct the inaccurate notations pertaining to the Goldman Sachs account being "Included in Bankruptcy," nor did Equifax correct the inaccurate information regarding dates of delinquency.

       1. Plaintiff's account was closed and paid in full as of October 2023 and therefore could not have had a date of first delinquency on January 29, 2024.

127. On January 9, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a current payment status of "Included in Bankruptcy" and worst payment status of "Included in Bankruptcy" with remarks listing "Bankruptcy chapter 7" and "Bankruptcy discharged."

128. On February 16, 2025, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau's website against Defendant Equifax for still reporting the derogatory information, where she outlined her earlier mentioned communications with Defendant's representatives "Bernard" and "Trey."

   a. Upon checking the CFPB's portal on or around March 2, 2025, Plaintiff found that the complaint regarding Equifax still showed a status of "Still working" on the dispute.

   b. On or around March 22, 2025, Defendant Equifax responded to Plaintiff's dispute through the CFPB's website stating that "APPLE

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

CARD – GS BANK USA EQUIFAX VERIFIED THAT THIS ITEM IS REPORTED CORRECTLY" and that "ADDITIONAL INFORMATION HAS BEEN PROVIDED FROM THE ORIGINAL SOURCE REGARDING THIS ITEM."

129. On March 27, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting an account status of "Included in Bankruptcy," a date of first delinquency of "Jan 29, 2024" with comments of "Bankruptcy chapter 7" and "Bankruptcy discharged."

130. On April 8, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a payment status of "Included in Bankruptcy," a worst payment status of "Included in Bankruptcy" and remarks of "Bankruptcy chapter 7," and "Bankruptcy discharged."

131. On June 25, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Account included in Bankruptcy," a date of first delinquency as 1/29/2024, a date of major delinquency first reported 3/07/2025, Narrative Code Descriptors of "Bankruptcy Chapter 7," "Bankruptcy Discharged" and "Bankruptcy Petition."

132. On or around June 25, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account was reporting inaccurate information by listing the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition.

133. On July 9, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting with a status of "Account included in Bankruptcy," a date of

first delinquency as 1/29/2024, a date of major delinquency first reported 3/07/2025, Narrative Code Descriptors of "Bankruptcy Chapter 7," "Bankruptcy Discharged" and "Bankruptcy Petition."

134. On or around July 9, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account was reporting inaccurate information by listing the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition.

135. On July 21, 2025, Plaintiff sent Defendant Equifax a dispute dated July 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Equifax on July 26, 2025.

   a. At the time of this dispute to Equifax, there were two inaccurate and/or misleading date of first delinquency remarks reporting on Plaintiff's credit report pertaining to Plaintiff's Goldman Sachs account– one in January 2024, and one in March 2025. Additionally, there were four inaccurate statuses and narrative codes listing the account has having been included in Chapter 7 Bankruptcy.

   b. At the time of this dispute to Equifax, there was an inaccurate were two inaccurate and/or misleading remarks regarding dates of last payment and account closure dates reporting on Plaintiff's credit report pertaining to a JPMorgan Chase Bank account – a date of last payment on 11/1/2023 and account closure date of 10/17/2023, and an inaccurate narrative code of "065" stating that the account had been closed by credit grantor.

   c. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

   d. Notwithstanding the Plaintiffs' written disputes, Equifax responded on

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

August 11, 2025, and updated Plaintiff's credit report to inaccurately list the date of account closure as August 1, 2023, as well as to inaccurately list dates of 1st delinquency as 1/29/2024 and date of major delinquency 3/7/2025. Aside from this, Defendant Equifax made no updates or corrections to statements listing the account as having been included in Chapter 7 Bankruptcy.

e. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Equifax and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Upon information and belief, Chase was provided notice of Plaintiffs' disputes to Equifax and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

g. Plaintiff's dispute to Equifax contested the factual accuracy of the information reported by Equifax on Plaintiff's Equifax credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy.

136. On August 5, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a payment status of "Included in Bankruptcy," a worst payment status of "Included in Bankruptcy" and a date of account closure on November 1, 2023.

137. On August 5, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account, which had been closed as of October 2023, reporting a payment status of "Included in Bankruptcy," a worst payment status of "Included in Bankruptcy" with remarks of "Bankruptcy chapter 7" and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

"Bankruptcy discharged," and by listing the following narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition.

138. On August 21, 2025, Plaintiff sent Defendant Equifax a dispute dated August 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Equifax on August 26, 2025.

    a. At the time of this dispute to Equifax, there were two accounts inaccurately reporting as being included in Chapter 7 Bankruptcy: a JPMorgan Chase Bank, as well as her Goldman Sachs Apple Card.

    b. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled, along with a copy of Plaintiff's July 21, 2025 dispute letter to Equifax.

    c. Notwithstanding the Plaintiffs' written disputes, Equifax responded on September 10, 2025, and updated Plaintiff's credit report to inaccurately list the date of account closure as November 1, 2023, as well as to inaccurately list dates of 1st delinquency as 1/29/2024 and date of major delinquency 3/7/2025. Aside from this, Defendant Equifax made no updates or corrections to statements listing the account as having been included in Chapter 7 Bankruptcy, and did not address the inaccuracies of the JPMorgan Chase Bank account, whatsoever.

    d. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Equifax and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

    e. Upon information and belief, Chase was provided notice of Plaintiffs'

disputes to Equifax and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Plaintiff's dispute to Equifax contested the factual accuracy of the information reported by Equifax on Plaintiff's Equifax credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy, as well as the JPMorgan Chase Bank account being listed as having been discharged in Chapter 7 Bankruptcy.

g. On August 29, 2025, Defendant Equifax responded to Plaintiff's July 1, 2025, dispute, stating that it had communicated to Defendant Goldman Sachs regarding the inaccurate bankruptcy reporting, and verified that the information was accurate.

h. This dispute response from Equifax did not address the dispute as to the Chase account at all.

139. On October 22, 2025, Plaintiff observed on her Equifax credit report that her Goldman Sachs Apple Card lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 1/29/2024, a date of major delinquency first reported on 3/7/2025, an inaccurate date of account closure on 11/1/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition.

140. On October 22, 2025, Plaintiff observed on her Equifax credit report that a JPMorgan Chase Bank account lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition, and by listing the following

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

narrative codes in the 24 Month History under several months: 220, which is for Bankruptcy Chapter 7, 280, which is for Bankruptcy Discharged, and 279, which is for Bankruptcy Petition..

141. Equifax re-instilled hope in Plaintiff the time it responded to her dispute, only to have Plaintiff be disappointed and upset again when Equifax failed to properly and fully update and fix the inaccurate reporting of her Goldman Sachs Apple Card and the JPMorgan Chase Bank account.

142. As of November 11, 2025, Plaintiff's Goldman Sachs Apple Card lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 1/29/2024, a date of major delinquency first reported on 3/7/2025, an inaccurate date of account closure on 11/1/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition.

143. As of November 11, 2025, a JPMorgan Chase Bank account on Plaintiff's credit report lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate narrative codes of 220, 065, 280 – representing Bankruptcy Chapter 7, Account Closed by Credit Grantor, Bankruptcy discharged and Bankruptcy petition.

## **Trans Union**

144. This issue began in 2024, when Plaintiff first observed sudden and unexpected derogatory reporting of her Goldman Sachs Apple Card account on her Trans Union credit report.

145. On or around September 11, 2024, Plaintiff submitted a dispute to Trans Union pertaining to the inaccurate reporting of her Goldman Sachs Apple Card account through Trans Union's online portal.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. On October 8, 2024, Trans Union responded to Plaintiff's online dispute and did not correct the inaccurate information, still listing the account status as "Account Included in Bankruptcy."

146. On or October 10. 2024, 2024, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account ending in 5427 began reporting "eight missed payments since February 12, 2024" and an account status of "Unknown" as of October 7, 2024.

a. Plaintiff's account was closed and paid in full as of October 2023 and therefore could not have missed any payments after October 2023.

147. On or around October 11, 2024, Plaintiff submitted a dispute to Trans Union pertaining to the inaccurate reporting of her Goldman Sachs Apple Card account through Trans Union's online portal.

a. On November 5, 2024, Trans Union responded to Plaintiff's online dispute and did not correct the inaccurate information, still listing the account status as "Account Included in Bankruptcy."

148. On November 22, 2024, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, reporting a status of "Account Included in Bankruptcy" with remarks listing "Chapter 7 Bankruptcy."

149. On January 10, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, erroneously listing the date of closure as "11/30/2023" and reporting a status of "Account Included in Bankruptcy" with remarks listing "Chapter 7 Bankruptcy."

150. On February 16, 2025, Plaintiff submitted a complaint through the Consumer Financial Protection Bureau's website against Defendant Trans Union for still reporting the derogatory information, where she outlined her earlier mentioned communications with Defendant's representatives "Bernard" and "Trey."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a. Upon checking the CFPB's portal on or around March 2, 2025, Plaintiff found that the complaint regarding Trans Union still showed a status of "Still working" on the dispute.

151. On March 19, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, with remarks listing "Account information disputed by consumer, Chapter 7 Bankruptcy," and "Chapter 7 bankruptcy."

152. On April 8, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, had a Current Payment status of "Current" and an Account Status of "Derogatory" with remarks listing "Account information disputed by consumer, Chapter 7 Bankruptcy," and "Chapter 7 bankruptcy."

153. On July 9, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, Pay Status of "Account Included in Bankruptcy" a date of account closure as "11/30/2023" and remarks of "Chapter 7 Bankruptcy: Account previously in dispute-now resolved."

154. On July 21, 2025, Plaintiff sent Defendant Trans Union a dispute dated July 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Trans Union on July 25, 2025.

a. At the time of this dispute to Trans Union, the credit report erroneously listed the Goldman Sachs account as having been closed in November 2023. Additionally, the credit erroneously listed the account status as having been Discharged through Chapter 7 Bankruptcy.

b. At the time of this dispute to Equifax, there was an inaccurate were two inaccurate and/or misleading remarks regarding dates of last payment and account closure dates reporting on Plaintiff's credit report pertaining to a JPMorgan Chase Bank account – a date of last payment

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

on 11/1/2023 and account closure date of 10/17/2023, and an inaccurate remark stating that the account had been closed by credit grantor.

c. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled.

d. Notwithstanding the Plaintiffs' written disputes, Trans Union responded on July 30, 2025, Trans Union merely stated that it had verified the information as accurate, making no corrections or updates.

e. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Trans Union and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Upon information and belief, JPMorgan Chase Bank was provided notice of Plaintiffs' disputes to Trans Union and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

g. Plaintiff's dispute to Trans Union contested the factual accuracy of the information reported by Trans Union on Plaintiff's Trans Union credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy, as well as the inaccurate date of account closure listed as November 2023.

h. Plaintiff's dispute to Trans Union contested the factual accuracy of the information reported by Trans Union on Plaintiff's Trans Union credit report. Specifically, it contested the factual accuracy of the Chase account being listed as having been closed by credit grantor, as well as the inaccurate date of account closure listed as November 2023.

155. On August 2, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, with an Account Status of "Derogatory" a date of account closure as "11/30/2023" and remarks of "Chapter 7 Bankruptcy," Chapter 7 Bankruptcy," and "Dispute resolved reported by grantor."

156. On August 8, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

157. Additionally, Plaintiff observed that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

158. On August 21, 2025, Plaintiff sent Defendant Trans Union a dispute dated August 21, 2025, via certified mail (in accordance with 15 U.S.C. § 1681i-(a)(1)(A)), which was received by Defendant Trans Union on August 26, 2025.

   a. At the time of this dispute to Trans Union, there were two accounts inaccurately reporting as being included in Chapter 7 Bankruptcy: the JPMorgan Chase Bank, as well as Plaintiff's Goldman Sachs Apple Card. Additionally, the date of account closure for the Goldman Sachs Apple card account inaccurately listed 11/30/2023.

   b. Attached to this dispute was a copy of Plaintiff's driver's license, and annotated copies of Plaintiff's consumer disclosure with the disputed items circled, along with a copy of Plaintiff's July 21, 2025 dispute to Trans Union.

   c. Notwithstanding the Plaintiffs' written disputes, Trans Union responded on August 29, 2025, Trans Union falsely responded that

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Plaintiff's dispute "didn't appear that you or a properly authorized third party sent it to us … so we won't process requests unless they come directly from you or an authorized third party."[4]

d. Upon information and belief, Goldman Sachs was provided notice of Plaintiffs' disputes to Trans Union and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

e. Upon information and belief, Chase was provided notice of Plaintiffs' disputes to Trans Union and despite this notice, willfully failed and refused to investigate and correct all of its inaccurate and/or misleading reporting.

f. Plaintiff's dispute to Trans Union contested the factual accuracy of the information reported by Trans Union on Plaintiff's Trans Union credit report. Specifically, it contested the factual accuracy of the Goldman Sachs account being listed as having been discharged in Chapter 7 Bankruptcy, the inaccurate date of closure on November 30, 2023, as well as the JPMorgan Chase Bank account being listed as having been discharged in Chapter 7 Bankruptcy.

159. On August 30, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

---

[4] See, Stecklein & Rapp Chartered v. Experian Info. Sols., No. 23-1879 (8th Cir. Aug. 28, 2024) "The word 'directly' describes who the letter must go to, not where the letter must come from."

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

160. Additionally, Plaintiff observed that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

161. On September 20, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grant."

162. Additionally, Plaintiff observed that the JPMorgan Chase Bank account, which had been previously reporting as closed as of October 2023, with remarks listing "Chapter 7 Bankruptcy."

163. On October 22, 2025, Plaintiff observed that her Trans Union credit report contained inaccurate recitations stating that her Chapter 7 Business bankruptcy was a bankruptcy with a responsibility of "Individual Debt".

    a. Plaintiff's bankruptcy was for business debt, only.

164. On October 22, 2025, Plaintiff observed on her Trans Union credit report that her Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grantor."

165. On October 22, 2025, Plaintiff observed on her Trans Union credit report that a JPMorgan Chase Bank account lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy, Closed by Credit Grantor.

166. Trans Union re-instilled hope in Plaintiff the time it responded to her dispute,

THE CARDOZA LAW CORPORATION 548 MARKET ST. #80594 SAN FRANCISCO, CA 94104

only to have Plaintiff be disappointed and upset again when Trans Union failed to properly and fully update and fix ALL of the inaccurate reporting of Plaintiff's Goldman Sachs account, as well as the inaccurate reporting for a JPMorgan Chase Account which Trans Union could not even verify belonging to Plaintiff..

167. As of November 10, 2025, Plaintiff's Trans Union credit report still contains inaccurate recitations, including:

    a. The inaccurate recitation of Plaintiff's Chapter 7 Business Bankruptcy as having a responsibility for "individual debt."

    b. Plaintiff's Goldman Sachs Apple Card account, which had been closed as of October 2023, listed the account with a pay status of "Account Included in Bankruptcy," the account's closure with a date of "11/30/2023," and remarks of "Chapter 7 Bankruptcy; Account previously in dispute-now resolved. Reported by credit grantor."

    c. The JPMorgan Chase Bank account, lists an inaccurate status of Account Included in Bankruptcy, a date of first delinquency on 10/16/2023, a date of major delinquency first reported on 8/4/2025, inaccurate remarks stating Chapter 7 Bankruptcy, Closed by Credit Grantor.

### All Defendants

168. Plaintiff made multiple requests for reinvestigation with each of the CRAs, including Defendants Equifax, Experian, and Trans Union to dispute the erroneous credit reporting outlined above.

169. Within the five years previous to the filing of this Complaint, Defendants Equifax, Experian, and Trans Union prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Goldman Sachs, and the JPMorgan Chase

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Bank account purported to belong to Plaintiff:

    a. Regarding Defendant Experian, the following inquiries were made on Plaintiff's Experian credit report:

        i. There was a hard inquiry on Plaintiff's credit on July 26, 2024, July 21, 2024, March 13, 2023, July 21, 2024, July 26, 2024, by JPMCB Card

        ii. There was a hard inquiry on Plaintiff's credit on 6/9/2025 and July 20, 2024, by Citi Cards/Citibank

        iii. There was a hard inquiry on Plaintiff's credit on July 19, 2024, by Bank of America

        iv. There was a hard inquiry on Plaintiff's credit on July 19, 2024, by Capital One, N.A.

        v. There were soft inquiries on Plaintiff's credit by American Express 2 (11/14/2025, 9/11/2025, 7/9/2025, 6/11/2025, 3/6/2025, 1/7/2025), Capital One (11/17/2025, 9/9/2025, 7/14/2025, 6/28/2025, 3/10/2025, 12/11/2024, 7/19/2024), Capital One Financial (2/5/2024 and 1/23/2024), ConsumerInfo.Com (9/19/2025, 7/9/2025, 2/14/2025, 1/9/2025), Credit Karma (9/19/2025, 9/17/2025, 9/14/2025, 9/13/2025, 9/11/2025, 9/9/2025, 9/8/2025, 9/7/2025, 9/6/2025, 9/5/2025, 9/2/2025, 9/1/2025, 8/27/2025, 8/23/2025, 8/21/2025, 8/20/2025, 8/14/2025, 8/13/2025, 8/12/2025, 8/10/2025, 8/7/2025, 8/6/2025, 8/5/2025, 8/4/2025, 8/1/2025, 7/31/2025, 7/30/2025, 7/27/2025, 7/23/2025, 7/22/2025, 7/20/2025, 7/19/2025, 7/14/2025, 7/13/2025, 7/12/2025, 7/10/2025, 7/8/2025, 7/7/2025, 7/6/2025, 7/5/2025, 7/4/2025, 7/3/2025, 7/2/2025, 7/1/2025, 6/28/2025, 6/26/2025, 6/25/2025, 6/19/2025, 6/18/2025, 6/14/2025, 6/13/2025, 6/11/2025,

6/10/2025, 6/9/2025, 6/7/2025, 6/5/2025, 6/3/2025, 6/1/2025, 5/30/2025, 5/29/2025, 5/28/2025, 5/24/2025, 5/18/2025, 5/14/2025, 5/13/2025, 5/10/2025, 5/8/2025, 5/4/2025, 5/3/2025, 5/2/2025, 5/1/2025, 4/29/2025, 4/27/2025, 4/23/2025, 4/20/2025, 4/19/2025, 4/15/2025, 4/14/2025, 4/13/2025,4/12/2025, 4/10/2025, 4/9/2025, 4/8/2025, 4/6/2025, 4/5/2025, 4/4/2025,4/3/2025, 4/2/2025, 4/1/2025, 3/29/2025, 3/28/2025, 3/25/2025, 3/22/2025, 3/21/2025, 3/20/2025, 3/19/2025, 3/18/2025, 3/16/2025, 3/15/2025, 3/14/2025, 3/13/2025, 3/11/2025, 3/10/2025, 3/9/2025, 3/8/2025, 3/7/2025, 3/6/2025, 3/5/2025, 3/1/2025, 2/28/2025, 2/27/2025, 2/26/2025, 2/18/2025, 2/16/2025, 2/15/2025, 2/14/2025, 2/13/2025, 2/11/2025, 2/9/2025, 2/8/2025, 2/6/2025, 2/5/2025, 2/1/2025, 1/29/2025, 1/28/2025, 1/25/2025, 1/23/2025, 1/19/2025, 1/18/2025, 1/15/2025, 1/14/2025, 1/13/2025, 1/12/2025, 1/11/2025, 1/10/2025, 1/9/2025, 1/5/2025, 1/4/2025, 1/1/2025, 12/30/2024, 12/28/2024, 12/23/2024, 12/22/2024, 12/20/2024, 12/19/2024, 12/17/2024, 12/14/2024, 12/13/2024, 12/12/2024, 12/11/2024, 12/10/2024, 12/8/2024, 12/6/2024, 12/5/2024, 12/4/2024, 12/1/2024, 11/29/2024, 11/24/2024, 11/16/2024, 11/15/2024, 11/14/2024, 11/13/2024, 11/10/2024, 11/9/2024, 11/7/2024, 11/6/2024, 11/5/2024, 11/3/2024, 11/1/2024, 10/28/2024, 10/25/2024, 10/21/2024, 10/19/2024, 10/18/2024, 10/17/2024, 10/16/2024, 10/13/2024, 10/11/2024, 10/8/2024, 10/6/2024, 10/5/2024, 10/4/2024, 10/3/2024, 10/1/2024, 9/30/2024, 9/27/2024, 9/26/2024, 9/22/2024, 9/21/2024, 9/20/2024, 9/19/2024, 9/18/2024, 9/16/2024, 9/14/2024, 9/13/2024, 9/12/2024, 9/11/2024, 9/8/2024, 9/7/2024, 9/6/2024,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

9/5/2024, 9/3/2024, 9/2/2024, 9/1/2024, 8/31/2024, 8/30/2024, 8/28/2024, 8/24/2024, 8/23/2024, 8/22/2024, 8/21/2024, 8/20/2024, 8/19/2024, 8/18/2024, 8/17/2024, 8/16/2024, 8/17/2024, 8/16/2024, 8/15/2024, 8/14/2024, 8/13/2024, 8/12/2024, 8/11/2024, 8/10/2024, 8/9/2024, 8/8/2024, 8/7/2024, 8/6/2024, 8/4/2024, 8/3/2024, 8/2/2024, 8/1/2024, 7/30/2024, 7/28/2024, 7/27/2024, 7/26/2024, 7/25/2024, 7/24/2024, 7/22/2024, 7/21/2024, 7/20/2024, 7/19/2024, 7/18/2024, 7/9/2024, 7/8/2024, 7/7/2024, 7/6/2024, 7/5/2024, 7/4/2024, 7/1/2024, 6/28/2024, 6/27/2024, 6/26/2024, 6/22/2024, 6/21/2024, 6/20/2024, 6/19/2024, 6/17/2024, 6/14/2024, 06/13/2024, 6/12/2024, 5/20/2024, 5/18/2024, 5/17/2024, 5/16/2024, 5/15/2024, 5/13/2024, 5/10/2024, 5/9/2024, 5/7/2024, 5/5/2024, 5/4/2024, 5/3/2024, 5/2/2024, 5/1/2024, 4/26/2024, 4/25/2024, 4/21/2024, 4/20/2024, 4/19/2024, 4/18/2024, 4/13/2024, 4/12/2024, 4/11/2024, 4/10/2024, 4/7/2024, 4/6/2024, 4/5/2024, 4/4/2024, 4/1/2024, 3/29/2024, 3/28/2024, 3/25/2024, 3/20/2024, 3/19/2024, 3/18/2024, 3/17/2024, 3/15/2024, 3/13/2024, 3/10/2024, 3/9/2024, 3/8/2024, 3/7/2024, 3/6/2024, 3/5/2024, 3/3/2024, 3/1/2024, 2/29/2024, 2/25/2024, 2/24/2024, 2/22/2024, 2/19/2024, 2/17/2024, 2/16/2024, 2/14/2024, 2/13/2024, 2/11/2024, 2/10/2024, 2/9/2024, 2/8/2024, 2/4/2024, 2/2/2024, 2/1/2024, 1/31/2024, 1/30/2024, 1/29/2024, 1/26/2024, 1/22/2024, 1/21/2024, 1/20/2024, 1/13/2024, 1/11/2024 and 1/10/2024) ECSC/NATIONS ONLINE (12/13/2024), Equifax Consumer SVCS (9/13/2024 and 1/21/2024), Equifax Inc/TID (1/19/2024), ID ME INC (8/15/2024) JPMCB (8/29/2025,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

7/31/2025, 7/1/2025, 5/31/2025, 4/30/2025, 8/1/2024), JPMCB Card (7/26/2024 and 7/21/2024), JPMCB CJ (9/16/2025, 8/19/2025, 7/22/2025, 6/24/2025, 5/27/2025, 4/29/2025, 4/1/2025, 3/4/2025, 2/4/2025, 1/7/2025, 12/10/2024, 11/12/2024, 10/15/2024, 9/17/2024, 8/20/2024,7/23/2024, 6/25/2024, 6/19/2024, 5/28/2024, 4/30/2024, 4/2/2024, 3/5/2024, 2/6/2024 and 1/21/2024) and Memorial Care Medica (6/24/2025, 5/27/2025, 4/29/2025, 4/1/2025, 3/4/2025, 2/4/2025,1/7/2025, 12/10/2024, 11/12/2024, 10/15/2024, 9/17/2024, 8/20/2024 and 7/23/2024)

b. Regarding Defendant Equifax, the following inquiries were made on Plaintiff's Equifax credit report:

  i. There was a hard inquiry on Plaintiff's credit on July 19, 2024, by Capital One, N.A.

  ii. There were soft inquiries on Plaintiff's credit by Capital One National Assoc (10/16/2025, 2//25/2025), Citi Card CBNA (6/2/2025, 3/17/2025 and 7/15/2024), JPMorgan Chase Bank/ADV (8/8/2024, 8/6/2024), Credit Karma, Inc. (10/16/2025, 10/15/2025, 7/9/2025, 6/24/2025 6/18/2025, 5/19/2025, 3/26/2025, 3/19/2025, 11/29/2024, 11/12/2024, 11/5/2024, 11/4/2024, 10/29/2024, 10/22/2024, 10/15/2024, 10/8/2024, 10/1/2024, 9/24/2024, 9/17/2024, 9/10/2024, 9/3/2024, 8/27/2024, 8/20/2024, 8/13/2024, 8/9/2024, 8/6/2024, 7/20/2024, 6/15/2024, 5/10/2024) Forward Lending, Inc. (2/28/2024) Verizon (8/6/2024, 6/18/2024) CSC Consumer Assistance Center (9/10/2024), Capital One US Card (7/19/2024), Capital One 9/29/2024, 11/9/2023)

c. Regarding Defendant Trans Union, the following inquiries were made

on Plaintiff's Trans Union credit report:

i. There were soft inquiries on Plaintiff's credit by Wallethub (11/9/2025, 10/21/2025, 9/18/2025, 8/29/2025, 8/7/2025, 7/8/2025, 1/3/2025, 11/20/2024), Creditwise Capital1 TU-C (11/1/2025, 10/8/2025, 9/17/2025, 8/29/2025, 8/7/2025, 7/1/2025, 1/1/2025, 11/16/2024), Capital One (11/5/2025, 10/17/2025, 9/16/2025, 8/28/2025, 8/5/2025, 6/18/2025, 12/27/2024, 11/15/2024), Barclays Bank Delaware (7/31/2024), Credit Karma (11/7/2025, 11/2/2025, 10/22/2025, 10/16/2025, 10/10/2025, 10/1/2025, 9/19/2025, 9/11/2025, 9/6/2025, 8/30/2025, 8/17/2025, 8/9/2025, 8/8/2025, 8/2/2025, 7/30/2025, 7/26/2025, 7/18/2025, 7/3/2025,  6/30/2025, 6/23/2025, 6/12/2025, 6/2/2025, 5/19/2025, 5/13/2025, 5/1/2025, 4/18/2025, 4/12/2025, 4/8/2025, 4/1/2025, 3/19/2025, 3/9/2025, 3/6/2025, 3/2/2025, 2/27/2025, 2/16/2025, 2/15/2025, 2/10/2025, 2/7/2025, 1/30/2025, 1/24/2025, 1/17/2025, 1/9/2025, 12/31/2024, 12/17/2024, /12/13/2024, 12/9/2024, 12/5/2024, 12/1/2024, 11/17/2024, 11/15/2024, 11/12/2024, 11/8/2024, 11/4/2024, 10/18/2024, 10/10/2024, 9/20/2024, 9/15/2024, 9/12/2024, 09/11/2024, 9/9/2024), Unify Processing Cal (6/26/2025), FactAct Free Disclosure (10/22/2025, 7/9/2025, 1/9/2025) Equifax ConsumerTID (11/29/2024, 9/17/2024, 9/10/2024, 11/9/2023, 10/26/2023, 10/18/2023, 3/26/2023), LifeLock Equifax C (9/13/2024, 1/21/2024), ConsumerInfo.com (8/30/2024, 7/27/2024, 7/21/2024, 7/20/2024, 10/24/2023), ATT Services Inc. (8/29/2024), Bankrate LLC, (7/21/2024)

170. On or around July 21, 2024, Plaintiff was declined for a Chase Freedom Visa

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

FIRST AMENDED COMPLAINT FOR DAMAGES                    PAGE 52 OF 66

Platinum Account from JPMorgan Chase Bank as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

171. On or around July 26, 2024, Plaintiff was declined for an Amazon Prime Visa Signature Account from JPMorgan Chase Bank as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

172. On or around August 9, 2024, Plaintiff was declined for a Costco Anywhere Visa account from Citibank as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

173. On or around August 19, 2024, Plaintiff was declined for an Alaska Airlines Visa Signature account from Bank of America as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

On or around August 19, 2024, Plaintiff was declined for Bank of America Unlimited Cash Rewards Visa Signature account from Bank of America as a proximate or direct result of the derogatory reporting appearing on Plaintiff's credit reports.

174. Defendants Equifax, Experian, and Trans Union failed to maintain reasonable procedures to prevent Plaintiff's credit information and/or credit files from including inaccurate information.

175. Defendants Equifax, Experian, and Trans Union knows that furnishers often fail to correctly code paid off accounts.

176. Within the last five years, Plaintiff has requested a copy of their credit files from Defendants Equifax, Experian, and Trans Union and, upon information and belief, has not received all of Defendants' credit files or all of the information contained in those credit files.

177. Defendants Equifax, Experian, and Trans Union have willfully failed to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file and consumer reports.

**ACTUAL DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

FIRST AMENDED COMPLAINT FOR DAMAGES                    PAGE 53 OF 66

178. As a result of Defendants' actions, omissions, and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, invasion of privacy, mental and emotional pain, anguish, humiliation and embarrassment of credit denials, amongst others. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' reporting of inaccurate and derogatory information, without success, including but not limited to time loss, charges for cellular phone usage and charges for postage.

179. Plaintiff has reached a state of profound mental exhaustion, having been forced to cycle through the dispute process multiple times with no resolution, describing herself as "tired of fighting" institutions that refuse to acknowledge objective physical evidence.

180. Due to the "Charge Off" and "Bankruptcy" notations, Plaintiff has been stripped of her ability to utilize the credit she spent decades building, resulting in multiple humiliating denials for basic credit products.

181. Plaintiff has spent countless hours—time she can never recover—acting as a liaison between her bankruptcy attorney, the CFPB, and the Defendants, effectively performing the investigation that the FCRA and CCRAA mandate the Defendants perform themselves.

182. Plaintiff's injuries are concrete. Defendants' conduct of reporting inaccurate and derogatory information is analogous to the common law tort of defamation. Furthermore, Congress and the California legislature enacted the FCRA and CCRAA to protect consumers from precisely the conduct described in this Complaint. Congress and the California legislature found that the banking system is dependent upon fair and accurate credit reporting; and that, inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Consequently, the FCRA and

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

CCRAA were enacted to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy; and to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The alleged transgressions by Defendants would, if left unchecked in a competitive marketplace, naturally propagate had Congress and the California legislature not created laws to give vulnerable consumers a voice and a mechanism for private enforcement.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681E(B)

### [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

183. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

184. Defendants, Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

185. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

186. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

187. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(1)

### [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

188. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

189. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(l) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and by recording the current status of the disputed information or deleting the item from the Plaintiff's credit files.

190. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

191. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

192. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and § 1681o.

## COUNT III

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(2)(A)

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**[AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]**

193. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

194. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(2)(A) on multiple occasions by failing to provide Chase and Goldman Sachs with all the relevant information regarding Plaintiff's disputes.

195. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

196. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

197. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT IV
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681I(A)(4)
### [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

198. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

199. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

200. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

201. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

202. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT V

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681I(A)(5)(A)

## [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

203. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

204. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(5)(A) on multiple occasions by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit files or modify the items of information upon an accurate reinvestigation.

205. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

206. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

207. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VI

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681I(A)(5)(C)

### [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

208. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

209. Equifax, Experian, and Trans Union violated 15 U.S.C. § 1681i(a)(5)(C) on multiple occasions by failing to maintain procedures designed to prevent the reappearance of deleted inaccurate information in Plaintiff's credit files.

210. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

211. Defendants' conduct was willful, rendering Equifax, Experian, and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Equifax, Experian, and Trans Union were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

212. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Equifax, Experian, and Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT VII

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

### CAL. CIV. CODE § 1785.14(B)

### [AGAINST EXPERIAN, EQUIFAX AND TRANS UNION]

213. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

as though fully stated herein.

214. Defendants violated Cal. Civ. Code 1785.14(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files.

215. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

216. Defendants conduct was willful, rendering Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2). In the alternative, Defendants were negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

217. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31.

## COUNT VIII

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

### CAL. CIV. CODE § 1785.16(A)

### [AGAINST EXPERIAN, EQUIFAX AND TRANS UNION]

218. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

219. Defendants violated Cal. Civ. Code 1785.16(a) on multiple occasions by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and by recording the current status of the disputed information or deleting the item from the Plaintiff's credit files.

220. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

humiliation and other mental and emotional distress.

221. Defendants' conduct was willful, rendering Defendants Experian, Equifax and Trans Union liable for punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2). In the alternative Defendants Experian, Equifax and Trans Union were negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

222. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants Experian, Equifax and Trans Union in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31.

## COUNT IX

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING ACT

## CAL. CIV. CODE § 1785.16(B)

## [AGAINST EXPERIAN, EQUIFAX AND TRANS UNION]

223. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

224. Defendants violated Cal. Civ. Code 1785.16(b) on multiple occasions by failing to review and consider all relevant information submitted by Plaintiff.

225. As a result of Defendants' conduct, Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

226. Defendants' conduct was willful, rendering CRA Defendants liable for punitive damages in an amount to be determined by the Court pursuant to Cal. Civ. Code § 1785.31(a)(2). In the alternative, Defendants Experian, Equifax and Trans Union were negligent, entitling Plaintiff to recover under Cal. Civ. Code § 1785.31(a)(1).

227. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

pursuant to Cal. Civ. Code § 1785.31.

<div align="center">

**COUNT X**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681S-2(B)(1)(A)**

**[AGAINST DEFENDANT CHASE AND GOLDMAN SACHS]**

</div>

228. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

229. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase and Goldman Sachs violated 15 U.S.C. § 1681s-2(b)(l)(A) by failing to fully and properly investigate Plaintiff's disputes.

230. Chase and Goldman Sachs understood the nature of Plaintiff's disputes when it received an ACDV from Equifax, Experian, and Trans Union.

231. As a result of the conduct, actions and inactions of Chase and Goldman Sachs Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

232. The conduct, actions and inactions by Chase and Goldman Sachs were willful, rendering Chase and Goldman Sachs liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Chase and Goldman Sachs were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

233. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase and Goldman Sachs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

<div align="center">

**COUNT XI**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

</div>

<div align="center">

**15 U.S.C. § 1681s-2(b)(1)(B)**

**[AGAINST DEFENDANT CHASE AND GOLDMAN SACHS]**

</div>

234. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

235. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase and Goldman Sachs violated 15 U.S.C. § 1681s-2(b)(l)(B) by failing to review all relevant information provided by the consumer reporting agencies.

236. As a result of the conduct, actions and inactions of Chase and Goldman Sachs Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

237. The conduct, actions and inactions by Chase and Goldman Sachs were willful, rendering Chase and Goldman Sachs liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Chase and Goldman Sachs were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

238. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase and Goldman Sachs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

<div align="center">

**COUNT XII**

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681s-2(b)(1)(C) AND (D)**

**[AGAINST DEFENDANT CHASE AND GOLDMAN SACHS]**

</div>

239. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

240. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase and Goldman Sachs violated 15 U.S.C. § 1681s-2(b)(l)(C) and (D) by publishing the Chase and Goldman Sachs reporting to Plaintiff's credit files with Equifax, Experian, and Trans Union without also including a notation that the inaccurate status of the debt was disputed and by failing to correctly report results of an accurate investigation to each other credit reporting agency.

241. As a result of the conduct, actions and inactions of Chase and Goldman Sachs Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

242. On information and belief, Plaintiff alleges that the procedures followed regarding Plaintiff's FCRA disputes through e-Oscar were the procedures that Chase and Goldman Sachs intended their employees or agents to follow.

243. The conduct, actions and inactions by Chase and Goldman Sachs were willful, rendering Chase and Goldman Sachs liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative Chase and Goldman Sachs were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

244. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Chase and Goldman Sachs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

<div align="center">

**COUNT XIII**

**VIOLATION OF THE CCRAA**

**CAL CIV § 1785.25(A)**

**[AGAINST DEFENDANT CHASE AND GOLDMAN SACHS]**

</div>

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

245. Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

246. On one or more occasions within the two years prior to the filing of this suit, by example only and without limitation, Chase and Goldman Sachs violated Cal. Civ. Code § 1785.25(a) by furnishing incomplete and/or inaccurate information about Plaintiff to one or more consumer credit reporting agencies when they knew or should have known that the information was incomplete or inaccurate.

247. As a result of the conduct, actions and inactions of Chase and Goldman Sachs Plaintiff suffered actual damages including without limitation, by example only and as described herein on Plaintiff's behalf by counsel: loss of credit, damage to reputation, embarrassment, humiliation and other mental and emotional distress.

248. The conduct, actions and inactions by Chase and Goldman Sachs were willful, rendering Chase and Goldman Sachs liable for punitive damages in an amount of up to $5,000 for each violation to be determined by the Court pursuant to Cal. Civ. Code § 1731(a)(2)(B). In the alternative Chase and Goldman Sachs were negligent entitling the Plaintiff to recover under Cal. Civ. Code § 1731(a)(1).

249. Plaintiff is entitled to recover actual damages, costs and attorney's fees from Chase and Goldman Sachs in an amount to be determined by the Court pursuant to Cal. Civ. Code §1731(a)(1).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

   a) Actual damages;

   b) Statutory damages;

   c) Punitive damages; Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o;

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

d) Costs and reasonable attorney's fees pursuant to Cal. Civ. Code § 1785.31(a)(1);

e) An order directing that each Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

f) An order directing that each Defendant sends Plaintiff's updated and corrected credit report information to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years; and

g) Award to Plaintiff of such other and further relief as may be just and proper.

## TRIAL BY JURY IS DEMANDED

250. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**THE CARDOZA LAW CORPORATION**

DATED:  July 22, 2026          BY: /s/ LAUREN B. VEGGIAN
                                    LAUREN B. VEGGIAN, ESQ.
                                    MICHAEL F. CARDOZA, ESQ.
                                    ATTORNEYS FOR PLAINTIFF
                                    AMY KAUFMAN

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    **PAGE 66 OF 66**

# ELECTRONICALLY STORED INFORMATION REQUEST

This notice is to demand that you preserve all documents, tangible things and electronically stored information ("ESI") potentially relevant to any issues in the above-entitled matter. This specifically includes, but is not limited to, all information pertaining to the above matter, including specifically all recordings of any telephone communication between your company and Plaintiff.

As used in this request, "you" and "your" or "your client" refers to your organizations, and its predecessors, successors in interest, assignees, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, servants, agents, attorneys, and accountants.

Much of the information subject to disclosure or responsive to discovery is stored on your client's current and former computer systems and other media and devices (such as: personal digital assistants, voice-messaging systems, online repositories and cell phones).

Electronically stored information ("ESI") should be afforded the broadest possible definition and includes (for example and not as an exclusive list) potentially relevant information whether electronically, magnetically or optically stored.

This preservation obligation extends beyond ESI in yours or your client's care, possession or custody and includes ESI in the custody of others that is subject to your client's direction or control. You must notify any current or former agent, attorney, employee, custodian or contractor in possession of potentially relevant ESI to preserve such ESI to the full extent of your client's obligation to do so, and you must try to secure their compliance.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**ELECTRONICALLY STORED INFORMATION REQUEST**